Gregorio Cuadrado Concepción, demandante y apelante, v.
José Puig Morales, demandado y apelado.

Núm. 8013.—*Sometido:* Julio 3, 1939. *Resuelto:* Julio 26, 1939.

*José Benet Colón*, abogado del apelante; *Brown, González & Newsom,*
y *E. Córdova Díaz*, abogados del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del
tribunal.

Se pide la desestimación del recurso interpuesto en este
caso por no haberse proseguido con la debida diligencia.

De la certificación acompañada a la moción del apelado
resulta que dictada sentencia declarando sin lugar la demanda
en febrero 24, 1939, se notificó a la parte perdidosa en marzo
tres siguiente; que dicha parte apeló en marzo 23, 1939, soli-
citando en marzo 31 prórroga del término concedídole para
preparar y radicar la transcripción de evidencia y la Corte
en abril 3 siguiente le concedió veinte días para ello; que en
abril 22, 1939, el apelante solicitó treinta días más de prórroga
declarando la Corte con lugar su moción y que a la fecha
de la certificación—junio 3, 1939—no se había radicado aún
en Secretaría la transcripción ni. solicitado prórroga.

El apelante se opuso por escrito a la desestimación. Alega
en substancia que la certificación expedida por el Secretario
de la Corte de Distrito de San Juan en junio 3, 1939, acom-
pañada a la moción de desestimación de la parte apelada,
"no se ajusta a la verdad de las alegaciones y órdenes de la
corte tal como aparecen de los autos" y que había radicado

una nueva moción de prórroga de mayo 23, 1939, habiendo ordenado la corte en junio 9, 1939, que se diera traslado de ella al taquígrafo para que informara dentro de diez días y una vez conocido el informe proveer.

En julio 3, 1939, se oyó a ambas partes por sus abogados en corte abierta y el caso quedó sometido a nuestra consideración y resolución con la súplica oral del apelante de que esta corte le concediera un nuevo término atendidas las circunstancias concurrentes.

Hemos visto que el apelante hace la imputación de no ajustarse a la verdad de los autos la certificación de junio 3, 1939, presentada por el apelado, y alega que habiendo transcurrido los treinta días concedidos al taquígrafo en abril 24, 1939, mediante una nueva y cuarta moción de mayo 23, 1939, expuso los hechos a la corte y le pidió que llamara al taquígrafo al cumplimiento de su deber y adoptara cualquiera otra medida en consonancia con lo expuesto en la moción.

Examinada la certificación de junio 3, 1939, en relación con lo dicho por la parte apelante y la certificación de las constancias de autos que presentá, no resulta que se falte en ella a la verdad. Por el contrario lo que resulta es que la moción del apelante de fecha mayo 23, 1939, no se radicó en la corte hasta junio 5, 1939, o sea el mismo día en que aparece notificado de la moción de desestimación y dos días después de expedida la certificación acompañada.

Resulta, pues, de los propios autos que el último término que se había concedido al apelante para archivar la transcripción feneció sin que se pidiera que fuera prorrogado y sin que la transcripción se presentara.

Tiene en tal virtud razón el apelado. Y como han transcurrido con exceso todos los términos de ley y reglamentarios para el perfeccionamiento del recurso sin que fueran utilizados, la desestimación procede, a menos que esta Corte ejercite su discreción concediendo el nuevo término que se solicitó a última hora.

¿Hay base para el ejercicio de esa discreción? Creemos que no. Es cierto que se trata de un caso en que el demandante es pobre y en que su abogado vino luchando con el taquígrafo en un principio al parecer con toda actividad para obtener la transcripción, pero es lo cierto también que finalmente se abandonó y dejó vencer el último amplio término que se le concediera y entonces en lugar de admitir francamente su falta y de acuerdo con la repetida jurisprudencia de este tribunal sobre la materia haberse dirigido directamente a esta corte en solicitud de un nuevo término explicando el motivo de su omisión y exponiendo con claridad los méritos de su caso si es que los tiene, trató de imputar falsedad a otro y de producir la impresión de haberse dirigido a la corte desde mayo 23 cuando en verdad no lo hizo hasta junio 5 siguiente.

*La moción debe ser declarada con lugar y en su consecuencia desestimarse el recurso.*

El Juez Asociado Sr. Travieso no intervino.